UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| STEVEN PINKSTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 1:22-cv-01050-SHM-tmp |
| | ) | |
| THOMAS WILLIAMS, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ORDER DISMISSING THE COMPLAINT (ECF NO. 1) WITHOUT PREJUDICE
AND GRANTING LEAVE TO AMEND**

On March 18, 2022, Plaintiff Steven Pinkston, an inmate incarcerated at the Carroll County Jail ("CCJ") in Huntingdon, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 (ECF No. 1). On March 28, 2022, the Court granted leave to proceed *in forma pauperis* and assessed the three hundred and fifty dollar ($350.00) filing fee in accordance with the Prison Litigation Reform Act, 28 U.S.C. §§ 1915, *et seq*. (the "PLRA"). (ECF No. 5.)

The complaint alleges claims of unconstitutional conditions of confinement related to black mold and COVID exposures at the CCJ. (ECF No. 1 at PageID 2, 4-6.) Plaintiff asserts that he has suffered "emotional distress by not answering my inmate requests or grievances." (*Id.* at PageID 4.) Plaintiff alleges that, because of the Defendants' unconstitutional behavior, he has suffered "anxiety, sneezing, itching skin, watery eyes, constant headaches, nausea, depression, nose bleeds, constant fatigue, trouble breathing, coughing up 6-8 ozs. daily of black debris, diarrhea, vomiting, loss of appetite, weight loss, bloody stool, pain in joints and muscles, disease progression of COVID-19, heart palpitations, insomnia, flares of lungs, swollen glands in neck

and armpits." (*Id.* at PageID 6.)  Plaintiff sues: (1) Captain Thomas Williams; (2) Sheriff Andy Dickson; and (3) Mayor James Butler.  (*Id.* at PageID 1-3.)  Plaintiff seeks: (1) three million dollars ("3,000,000.00) in compensatory damages and (2) eight million dollars ($18,000,000.00) in punitive damages.  (*Id*. at PageID 6.)

The complaint (ECF No. 1) is before the Court.

For the reasons explained below: (1) the complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**; and (2) leave to amend is **GRANTED**.

I.      **FACTUAL BACKGROUND**

Plaintiff alleges that when he was booked in the CCJ on December 15, 2021, he took a shower and "noticed clusters of toxic black mold also known as (stachybotrys) attached to the ceiling tiles in the booking area and inmate restroom."  (ECF No. 1 at PageID 2.)  Plaintiff alleges that "[t]his is the second time that I've become deathly sick with two sep[a]rate strains of COVID-19, SARS-COV-2 while housed in Carroll County Jail along with the presence of toxic black mold could cause the extinction of my life through the knockout punch of my hyper inflated lung from a fung[]al infection in the midst of a COVID-19 resp[irat]tory pandemic."  (*Id.* at PageID 4.)

Plaintiff contends that Dickson has intentionally failed to remediate the contamination of the CCJ with black mold.  (*Id.*)  Plaintiff asserts that "when I was arrested[,] I weighed 192 lbs [and] as of now weigh 175 lbs" because of COVID and the mold infestation.  (*Id.* at PageID 4-5.)  Plaintiff alleges that "the negligence within this institution is unprecedented, unprovoked, unnecessary, and unconstitutional."  (*Id.* at PageID 5.)

Plaintiff alleges that Butler "approved the construction plan of this dilapidated facility" and "is guilty of not abiding by public policy of condemnation and intentional concealment of

biohazardous exposure through the non-containment of COVID-19[,] the surge within Carroll County Jail & the presence of toxic black and white mold clusters." (*Id.*)

## II.     LEGAL STANDARD

The Court must screen prisoner complaints and dismiss any complaint, or any portion of it, if the complaint —

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint states a claim on which relief may be granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009), and in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Under those standards, the Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). The Court does not assume that conclusory allegations are true, because they are not "factual," and all legal conclusions in a complaint "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Federal Rule of Civil Procedure 8 provides guidance on this issue. Although Rule 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," it also requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

Courts screening cases accord more deference to *pro se* complaints than to those drafted by lawyers. "*Pro se* complaints are to be held 'to less stringent standards than formal pleadings

drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

### III.   REQUIREMENTS TO STATE A CLAIM UNDER § 1983

Plaintiff sues under 42 U.S.C. § 1983. (ECF No. 1 at PageID 1.) To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States, and (2) that a defendant caused harm while acting under color of state law. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 150 (1970).

### IV.   ANALYSIS

Plaintiff does not allege whether he sues the Defendants in their official capacities or individual capacities. (*See* ECF No. 1 at PageID 1-3.) "Absent a specification of capacity, it is presumed that a state official is sued in his official capacity." *Northcott v. Plunkett*, 42 F. App'x 795, 796 (6th Cir. 2002) (citing *Wells*, 891 F.2d at 593); *see also Moore v. Hiram Twp., Ohio*, 988 F.3d 353, 359 (6th Cir. 2021).

Plaintiff's official capacity claims against Dickson and Williams are construed as claims against Carroll County, and Plaintiff's official capacity claims against Butler are construed as claims against the City of Huntingdon. *See Jones v. Union Cnty., Tenn.*, 296 F.3d 417, 421 (6th Cir. 2002) (citing *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994)). The County may be held liable only if Plaintiff's injuries were sustained pursuant to an unconstitutional custom or

policy of the County. Likewise, the City may be held liable only if Plaintiff's injuries were sustained pursuant to an unconstitutional custom or policy of the City. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691-92 (1978). To demonstrate such municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible." *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479-80 (1986) (emphasis in original)).

Plaintiff alleges that Butler does not abide by "public policy" concerning "condemnation and intentional concealment of biohazardous exposure through the non-containment of COVID-19." (ECF No. 1 at PageID 5.) Plaintiff does not identify a policy or custom of the County or the City that has deprived Plaintiff of a constitutional right.

Plaintiff's complaint against the Defendants, in their official capacities, is **DISMISSED WITHOUT PREJUDICE** for failure to allege facts demonstrating a claim to relief.

V.     **AMENDMENT UNDER THE PLRA**

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *Lucas v. Chalk*, 785 F. App'x 288, 291 (6th Cir. 2019) (citing *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[W]e hold, like every other circuit to have reached the issue, that under Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA")); *see also*

*Brown v. Rhode Island.*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded"). Leave to amend is not required where a deficiency cannot be cured. *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("This does not mean, of course, that every *sua sponte* dismissal entered without prior notice to the plaintiff automatically must be reversed. If it is crystal clear that ... amending the complaint would be futile, then a *sua sponte* dismissal may stand."); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that *sua sponte* dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts").

The Court grants leave to amend the complaint under the conditions set forth below.

## VI.   CONCLUSION

For the reasons explained above:

A.   The complaint's is **DISMISSED WITHOUT PREJUDICE** for failure to allege facts stating a claim to relief under 42 U.S.C. § 1983. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

B.   Leave to amend the Complaint is **GRANTED**. An amended pleading must be filed within twenty-day (21) days of the date of this Order and must comply with the Federal Rules of Civil Procedure, including but not limited to Rule 8's requirement of a short and plain statement of Plaintiff's claims. An amended complaint supersedes the original complaint and must be complete in itself without reference to the prior pleadings. Plaintiff must sign the amended complaint, and the text of the amended complaint must allege sufficient facts to support each claim without reference to any extraneous document. Any exhibits must be identified by number in the text of

the amended complaint and must be attached to the complaint. All claims alleged in an amended complaint must arise from the facts alleged in the original complaint. Each claim for relief must be stated in a separate count and must identify each Defendant sued on that count. If Plaintiff fails to file an amended complaint within the time specified, the Court will dismiss the complaint with prejudice in its entirety and enter judgment. The Court recommends that any such dismissal should be treated as a strike pursuant to 28 U.S.C. § 1915(g). *See Simons v. Washington*, 996 F.3d 350, 353 (6th Cir. 2021).

IT IS SO ORDERED this  2nd  day of December, 2024.

/s/ *Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE